UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
APR 10 2019
BY _____
DEPUTY CLERK

| UNITED STATES OF AMERICA | ) | No. 2-19-00005 |
|---|---|---|
| v. | ) | |
| BOWDOIN G. SMITH | ) | 21 U.S.C. § 841(a)(1) |

# INDICTMENT

THE GRAND JURY CHARGES:

## Introduction

At all times material to this Indictment:

1. **BOWDOIN G. SMITH** was a doctor of osteopathic medicine and was licensed by the State of Tennessee Department of Health, Board of Osteopathic Examination ("Board") under license number 741 on August 3, 1987.

2. On October 11, 2012, **BOWDOIN G. SMITH** entered a Consent Order with the Board based on stipulated facts that **BOWDOIN G. SMITH**, among other things, prescribed controlled substances "not in the course of professional practice, or not in good faith to relieve pain and suffering, or not to cure an ailment, physical infirmity or disease," and **BOWDOIN G. SMITH's** treatment "routinely included prescribing narcotics and other medications and controlled substances in amounts and/or for durations not medically necessary, advisable, or justified for a diagnosed condition."

3. The medical license of **BOWDOIN G. SMITH**, as a result of the Consent Order, was placed on a period of probation for a period of not less than three years starting on October 11, 2012. The Consent Order also required **BOWDOIN G. SMITH** to enroll in and successfully

complete continuing medical education about prescribing controlled substances. On November 4, 2015, the Board lifted the probation placed on the license of **BOWDOIN G. SMITH**.

4. From on or about the date on which the Consent Order was lifted through in or around February 2019, **BOWDOIN G. SMITH** prescribed controlled substances, including highly addictive opioids, with his Drug Enforcement Administration ("DEA") license under DEA License Number BS1056399.

5. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

## COUNTS ONE AND TWO

6. Paragraphs 1 through 5 are re-alleged and incorporated by reference as though fully set forth herein.

7. On or about the dates set forth in each count below, in the Middle District of Tennessee,

**BOWDOIN G. SMITH**

did knowingly, intentionally, and without authority, distribute a mixture and substance containing a detectable amount of hydrocodone, a Schedule II controlled substance, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 1 | January 8, 2019 | K.C. | Hydrocodone |
| 2 | February 6, 2019 | K.C. | Hydrocodone |

All in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES:

8. The allegations contained in the Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture allegation.

9. Upon conviction of any Count in the Indictment (Unlawful Distribution of a Controlled Substance), **BOWDOIN G. SMITH** shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853:

> (A) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense; and
>
> (B) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense,

including but not limited to the following:

> a. a money judgment in an amount to be determined, representing the amount of proceeds **BOWDOIN G. SMITH** obtained as a result of such offense and the value of any property used or intended to be used to commit or facilitate the commission of such offense.

SUBSTITUTE PROPERTY

10. If any of the property described above, as a result of any act or omission of **BOWDOIN G. SMITH**:

> a. cannot be located upon the exercise of due diligence.
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;

3

d.  has been substantially diminished in value; or

    e.  has been comingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of the substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **BOWDOIN G. SMITH** up the value of said property listed above as subject to forfeiture.

A TRUE BILL 

FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

SCOTT ARMSTRONG
United States Department of Justice
Criminal Division, Fraud Section
Director, Health Care Fraud

JOSEPH BEEMSTERBOER
United States Department of Justice
Criminal Division, Fraud Section
Deputy Chief, Health Care Fraud

SARAH K. BOGNI
ASSISTANT UNITED STATES ATTORNEY